IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA MAE TAYLOR,         )
         )
      Plaintiff,         )
         )
v.         )     CASE NO. 2:14-cv-722-TFM
         )     [wo]
CAROLYN W. COLVIN,         )
Acting Commissioner of Social Security, )
         )
      Defendant.         )

## MEMORANDUM OPINION

On January 5, 2011, Georgia Mae Taylor ("Plaintiff" or "Taylor") applied for supplemental security income under Title XVI and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act").  Plaintiff alleged a disability onset date of December 14, 2010.  (Tr. 136-48).  Taylor timely filed for and received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision on November 21, 2012. (Tr. 21).  The Appeals Council denied Plaintiff's request for review. (Tr. 6).  As a result, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").  *Id.*  Judicial review proceeds pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 636(c).  After careful scrutiny of the record and briefs, for reasons herein explained, the Court AFFIRMS the Commissioner's decision.

## I. NATURE OF THE CASE

Taylor seeks judicial review of the Commissioner's decision denying her application for disability insurance benefits and supplemental security income.  United

States District Courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence.  42 U.S.C. § 405.  The Court may affirm, reverse and remand with instructions, or reverse and render a judgment.  *Id*.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is a limited one.  The Court's sole function is to determine whether the ALJ's opinion is supported by substantial evidence and whether the proper legal standards were applied.  *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

"The Social Security Act mandates that 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'"  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting 42 U.S.C. §405(g)).  Thus, this Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion   of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the evidence preponderates against the Commissioner's findings. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth*, 703 F.2d at 1239).

The Court will also reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). There is no presumption that the Commissioner's conclusions of law are valid. *Id*.; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (quoting *MacGregor*, 786 F.2d at 1053).

### III. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement,

provided they are both insured and disabled, regardless of indigence.[1]  *See* 42 U.S.C. §
423(a).  The Social Security Act's Supplemental Security Income ("SSI") is a separate and
distinct program.   SSI is a general public assistance measure providing an additional
resource to the aged, blind, and disabled to assure that their income does not fall below
the poverty line.[2]  Eligibility for SSI is based upon proof of indigence and disability.  *See*
42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C).  However, despite the fact they are separate
programs, the law and regulations governing a claim for DIB and a claim for SSI are
identical; therefore, claims for DIB and SSI are treated identically for the purpose of
determining whether a claimant is disabled.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.
1 (11th Cir. 1986).  Applicants under DIB and SSI must provide "disability" within the
meaning of the Social Security Act which defines disability in virtually identical language
for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§
404.1505(a), 416.905(a).  A person is entitled to disability benefits when the person is
unable to

> Engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous
> period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is one
resulting from anatomical, physiological, or psychological abnormalities which are

---

1 DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes.
*See* Social Security Administration, Social Security Handbook, § 136.1, *available at*
http://www.ssa.gov/OP_Home/handbook/handbook.html
2 SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general
tax revenues.  *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100,
*available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

demonstrable by medically acceptable clinical and laboratory diagnostic techniques.   42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment(s) severe?
>
> (3) Does the person's impairment(s) meet or equal one of the specific
>
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[3]
>
> (4) Is the person unable to perform his or her former occupation?
>
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  Claimants establish a prima facie case of qualifying for disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC").  *Id*. at 1238-39.  RFC is what the claimant is still

---

3 This subpart is also referred to as "the Listing of Impairments" or "the Listings."

able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or hear testimony from a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

## IV. ADMINISTRATIVE FINDINGS AND CONCLUSIONS

Plaintiff was 52 years old on her alleged onset date and 53 years old at the time of the ALJ decision. (Tr. 21, 24. 155). Plaintiff has an eighth grade education (Tr. 167) and past relevant work as a housekeeper. (Tr. 55). Plaintiff alleges that she became disabled on December 15, 2010, because of problems with her feet and back and asthma. (Tr. 122-167). Plaintiff did not engage in substantial employment during the period of disability at issue. (Tr. 26). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of medium work. (Tr. 29). Further the ALJ found that Plaintiff had no transferable skills from her past work. (Tr. 32).

---

4 *See* 20 C.F.R. pt. 404 subpt. P, app. 2; *see also* 20 C.F.R. § 416.969 (use of the grids in SSI cases).

The ALJ found Plaintiff to have the following severe combination of impairments: "obesity, mild left ventricular hypertrophy, mild arthritis of the lumbar spine, and asthma." (Tr. 26). The ALJ found that Plaintiff's hypertension, anemia hypercholesterolemia and foot pain were not severe impairments, stating " . . . these have been controlled with medication and/or other conservative measures and/or have not resulted in any limitation of her ability for basic work-related activities." (Tr. 27).

Plaintiff testified at the hearing before the ALJ that the problems which were keeping her from working were her back and foot problems. (Tr. 29, 43). Plaintiff testified to having back and foot pain and being very limited in her ability to walk and stand. (Tr. 43-50). Medical evidence of record documents Plaintiff's complaints of foot pain and a finding of early heel spurring in 2009 at Extended Arm Physicians, and a complaint of a painful lump on the foot with a diagnosis of plantar fibroma at Montgomery Primary Health on January 23, 2012. (Tr. 223, 227, 231-36, 260).

The ALJ found that Plaintiff's residual functional capacity ("RFC") limited her to less than a full range of medium work. The additional limitations did not include any reference to limitations on standing or walking. (Tr. 29). The ALJ noted that medium work generally requires the ability to stand and walk for six hours in an eight hour period. (Tr. 29).

## VI. Issues

Taylor raises a single issue for judicial review:

Did the administrative law judge err in not including plaintiff's alleged foot problems in the combination of severe impairments?

## VII.  ANALYSIS

Plaintiff argues that the ALJ erred in failing to include Plaintiff's alleged foot problems in the combination of severe impairments and therefore the ALJ's decision is not supported by substantial evidence.  (Pl's Br. at pp. 4-5).  In support of her argument, Plaintiff cites *Flynn v. Heckler,* 768 F. 2d 1273, 1275 (11th Cir. 1985) where the Eleventh Circuit reversed and remanded "for a continuation of the sequential evaluation process dictated by 20 C.F.R. § 404.1520 (1985)."  However, that case is distinguishable from the instant action because there the district court prematurely terminated the sequential evaluation process.   The Eleventh Circuit stated that the court erred in "making a threshold determination of 'severe impairment' . . . [and, thus] foreclosed the appellant's ability to demonstrate the merits of her claim for disability with respect to her former work activities."  *Id*.

In the case at bar, the ALJ properly found that Plaintiff had severe impairments and then proceeded to step five in the sequential evaluation process.  (Tr. 26-33).  *Burgin v. Comm'r of Soc. Sec.,* 420 F. App'x 901, 902-03 (11th Cir.2011)("The finding of any severe impairment, based on either a single impairment or combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe.") citing *Jamison v. Bowen,* 815 F.2d 585, 588 (11th Cir. 1987).  After reviewing all of the evidence, the ALJ ultimately found that despite her impairments, including her foot impairment, Plaintiff could perform medium work with various limitations.  (Tr. 29, Finding No. 5).  Further, specifically, the ALJ stated as

follows:

> Treatment records from Extended Arms Physicians indicate that the claimant sought treatment for symptoms related to low back pain.  The claimant was treated conservatively and never required hospitalization. . . .  An x-ray of the claimant's lumbar spine revealed mild lumbosacral spine osteoarthritis, and x-rays of her feet revealed early heal spurring.  Mobic was prescribed for her complaints of low back, and foot pain, and the claimant was referred to podiatry and an orthopedist (Exhibit 1F).  No podiatry or orthopedic records are present in the longitudinal record, despite the record being held open for 2 weeks, after the hearing, for the submission of additional evidence.

(Tr. 30).  Thus, in the case at bar, the ALJ properly considered the effect of all Plaintiff's impairments on her ability to work.

Additionally, after carefully reviewing all of the record evidence, the Court concludes that the medical evidence of record fails to demonstrate that Plaintiff's foot impairment caused a disabling limitation.  Indeed, the ALJ recognized that 2009 x-rays showed early heel spurring.  (Tr. 30, 235-36).  However, diagnoses or "the mere existence of . . . impairments does not reveal the extent to which they limit [Plaintiff's] ability to work or undermine the ALJ's determination in that regard."  *Moore,* 405 F. 3d 1208, 1213 n.6 (11th Cir. 2005).  Rather, it is the functional limitations that may result from Plaintiff's impairments, not the impairments themselves, which may affect his ability to work.  *See Johns v. Bowen,* 821 F. 2d 551, 555 (11th Cir. 1987) (A mere diagnosis says nothing about the severity of the impairment.)  Indeed, Plaintiff underwent a consultative examination on April 4, 2011.  The exam revealed a normal gate, no evidence of arthropathy, and that she was ambulatory and used no assistive devices.  (Tr. 252).  Additionally, the physician noted that he was not able to "reproduce any foot pain."  (Tr.

252).  Moreover, the ALJ noted that Plaintiff's foot impairment did not prevent her from tending to her personal hygiene, cooking, washing dishes, ironing clothes, attending church, shopping in stores for food and clothes and driving.  (Tr. 30, 158-61). Accordingly, the Court concludes that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled.  *See Cornelius v. Sullivan,* 936 F. 2d 1143, 1145 (11th Cir. 1991) (Even if the evidence preponderates against the Commissioner's factual findings, court must affirm the decision if it is supported by substantial evidence.) Thus, the Commissioner's decision is due to be affirmed.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  Accordingly, the Court concludes that the Commissioner's decision is due to be affirmed.  A separate judgment is entered herewith.

DONE this 29th day of December, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE